J. W. CATES v. R. J. HALL, G. M. BROOKS, AND G. KERNODLE, COPARTNERS.

(Filed 19 April, 1916.)

**1. Partnership—Torts—Individual Liability—Automobiles.**

A partnership is liable for the tort of one of its members committed in the scope and course of the partnership business which proximately causes injury to another, as in this case, where the partnership owned a garage and let out automobiles for hire, to be run by the partners or chauffeurs supplied by them, and a passenger on a car is injured by the negligence of one of the partners acting as chauffeur on the occasion.

**2. Automobiles—Carriers of Passengers—Negligence—Rule of Prudent Man.**

Those furnishing automobiles for hire with themselves or others as chauffeurs are held to that degree of care in hauling passengers required of a common carrier, or that which is commensurate with the risks incident to the occupation, according to the rule of the prudent man.

**3. Same—Gratuitous Service.**

Those who engage in the occupation of transporting passengers by automobile for hire are not relieved of the duty that their chauffeur shall exercise the full care required of common carriers of passengers, because of the fact that at the time complained of the passenger who received an injury caused by the negligence of their chauffeur was being carried gratuitously, for their liability is the same as if compensation had been paid them.

**4. Same—Appeal and Error.**

Where one partner, in the business of transporting passengers by automobile for hire, gives, gratuitously, the use of an automobile to the city for a special occasion, and a representative of the city is injured by the negligent driving of the automobile by the other partner while riding therein, it is reversible error for the trial judge, in the suit by the injured party for damages, to make the defendant's liability depend upon an issue as to whether the plaintiff procured the use of the automobile for a valuable consideration.

**5. Pleadings — Automobiles — Carriers of Passengers — Gratuitous Service— Negligence.**

Where the complaint in an action to recover damages for a personal injury alleged to have been caused by the negligence of the carrier of passengers by automobiles for hire alleges that the transportation was for a valuable consideration, and, further, that the injury was received through the negligent and reckless driving of the car by a member of the firm furnishing it, the allegations are sufficiently broad to cover either aspect of the demand, and to sustain a verdict, though the services rendered at the particular time were gratuitous.

APPEAL by plaintiff from *O. H. Allen, J.*, at September Term, 1915, of ALAMANCE.

Civil action instituted to recover damages for alleged negligence of defendants, a partnership, in operating an automobile whereby plaintiff, a passenger in the machine, received painful and serious injuries. On denial of liability, issues were submitted and verdict rendered thereon as follows:

1. Did the plaintiff, J. W. Cates, on 29 July, 1913, for his own use and for a valuable consideration, procure his passage in an automobile belonging to the defendants, as alleged in the complaint? Answer: "No."

2. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: ......

3. What damage, if any, is the plaintiff entitled to recover? Answer: ......

There was judgment for defendants, and plaintiff excepted and appealed, assigning for error chiefly the ruling of his Honor that a verdict for defendant on the first issue would be decisive of plaintiff's right to recover.

*J. H. Vernon, W. S. Coulter, E. S. Parker, Jr., for plaintiff.*
*E. S. W. Dameron, Long & Long, and J. Dolph Long for defendants.*

HOKE, J. There was evidence on the part of plaintiff tending to show that, on 29 July, 1913, defendants R. J. Hall, G. M. Brooks, and G. A. Kernodle were copartners owning or operating a garage in the city of Burlington, N. C., letting out automobiles for hire to be run by the partners or drivers supplied by them, and, on said day, plaintiff and

another, one W. D. Foster, hired from them a machine at an agreed price and plaintiff and two or three other passengers were going out on the road towards Gibsonville to meet the Governor, who was supposed to be in the county inspecting the roads with a view of designating the apportionment of certain moneys available for good road purposes; that the car on the trip was being driven by G. A. Kernodle, one of the defendants, and not having met the Governor, for some reason, on the return trip was run by said defendant at a reckless rate of speed, and so negligently that, in the wrongful effort to pass another car in front, on a narrow piece of road, he struck the said car and then ran down an embankment into a meadow, colliding with a stump or tree, breaking several of plaintiff's ribs and giving him other painful and serious bruises on the head and back, from which he still suffers and from which he was confined many months in a hospital and has had to procure necessary medical treatment, etc., at a cost of something like $2,000, etc.

Defendant denied that there was any contract of hiring by plaintiff or any one for him; alleged that the car had been donated to the Chamber of Commerce for that day to "boost the town," etc., and that plaintiff was the representative of the body, and, as such, was in the car at the time with two others who were there on plaintiff's invitation.

There was evidence in support of defendant's position, and he testified, also, that the effort to pass the car in front was undertaken by direction of the plaintiff. This was denied by plaintiff.

On these, the facts relevant to the question as now presented, we are of opinion that it was reversible error to hold that a verdict against plaintiff on the first issue was necessarily decisive of his right to recover.

On authority apposite to certain phases of the testimony it is held that a partnership is liable for the tort of one of its members committed in the scope and course of the partnership business. *Hall v. Younts,* 87 N. C., 285; *Mode v. Penland,* 93 N. C., 292; Principles of Partnership by Parsons, sec. 139; George on Partnership, p. 242; Hale on Torts, p. 167. That defendants may be considered public carriers of passengers and held to a high degree of care in respect to their duties as such: *Shepherd v. Jacobs,* 204 Mass., 110; *Primrose v. Casualty Co.,* 232 Pa. St., 210; *Sewark v. Perkins,* 73 Kansas, 553; *Benner Livery Co. v. Busson,* 58 Ill. App., 1; 6 Cyc., pp. 364-533 and 534—a degree of care commensurate with the duties they have undertaken, and influenced and determined by reference to the hazards incident to the occupation, and the machines and methods employed in carrying it on, the recognized principle as to machines being that the more dangerous the character "the greater the degree of care and caution required in their use and operation." *Tudor v. Bowen,* 152 N. C., 441; *Marable v. R. R.,* 142 N. C., 557; *Indianapolis, etc., R. R. v. Hoest,* 93 U. S., 291; *Steamboat Co. v. King,* 57 U. S., 469; 2 Ruling Case Law, title "Automobiles,"

p. 1189. In *Marable's case* it was held, among other things, that "a carrier is required to use that high degree of care for the safety of the passengers which a prudent person would use in view of the nature and risks of the business." And, speaking to the same position, in *Fitzgerald v. R. R.*, 141 N. C., 530, it was held: "They (the employees of the company) were, therefore, charged with a high degree of care in this respect. This statement imports no infringement on the doctrine which obtains with us that there are no degrees of care so far as *fixing responsibility for negligence* is concerned. This is true on a given state of facts, and, in the same case, the standard is always that care which a prudent man should use under like circumstances. What such reasonable care is, however, does vary in different cases and under different conditions, and the degree of care required of one whose breach of duty is likely to result in serious harm is greater than when the effect of such breach is not near so threatening."

And on the question more directly involved in the appeal the decided cases here and elsewhere are to the effect that the distinction as to the liability of carriers in cases of passengers for hire and those carried gratuitously does not prevail as in the cases of common carriers of goods, but the same degree of care is exacted in the one case as the other. *McNeill v. R. R.*, 135 N. C., 682; *Benner Livery Co. v. Busson, supra; Indianapolis Traction Co. v. Kluitschy*, 167 Ind., 598; *Lemon v. Canslor*, 68 Mo., 340; *Gillenwater v. R. R.*, 5 Ind., 339; Hale on Bailments, p. 497; 6 Cyc., 544.

In *McNeill's case* the Court cites with approval from *Lemon v. Canslor* the statement of the position as follows: "This we think was sufficient to authorize the instruction. The principle announced in it, that although plaintiff might have been a gratuitous passenger, such fact constituted no defense, is supported by all the authorities which have come under our observation. While in some of them intimations are made that in the case of a gratuitous passenger the carrier may only be liable for gross negligence, it has not been held in any of them that such fact will exempt the carrier from all liability. On the contrary, the weight of authority favors the doctrine of holding the carrier of passengers to the same degree of diligence in all cases where one has been received as a passenger, on the principle that 'if a man undertakes to do a thing to the best of his skill, when his situation or profession is such as to imply skill, omission of that skill is imputable to him as gross negligence.'"

In *Traction Co. v. Kluitschy, supra,* it was held: "Carriers are liable to passengers for negligence resulting in damages, though the carriage is 'gratuitous,'" and, further, "When an officer of a street railway company, on behalf of such company, invited a visiting order, composed of women of whom plaintiff was one, to take a free trolley ride in one of

such company's cars, the acceptance of such invitation by taking passage on the car constituted the plaintiff a passenger."

In Hale on Bailments, p. 497, the author states the position as follows: "In one respect there is a striking difference between the liability of common carriers for goods and the liability of public carriers of passengers for injuries to a passenger. As has been seen, where goods are carried gratuitously the carrier is not regarded as a common carrier, but is simply a private carrier, and liable, as a mandatary, only for gross negligence. But in respect to public carriers of passengers, public policy has imposed an entirely different rule. Even though such passengers are carried gratuitously, if they have been accepted by the carrier as passengers, all the extraordinary liabilities of the relation attach. Having admitted him to the rights of a passenger, the carrier is not permitted to deny that he owes to him the duty which, as carrying on a public employment, he owes to those who have paid him for the service."

Applying the principle, we are of opinion that, whether plaintiff hired the car from one of the partners or whether he was riding in a car which was donated by the partnership for free service and was being operated at the time by one of the partners in pursuance of this arrangement, in either event he was to be considered a passenger, and is entitled to have his rights determined in that view of the case, and, as stated, it constituted reversible error to make the question of a contract for hire conclusive on the subject. There is nothing in either *Linville v. Nissen,* 162 N. C., 95, or in *Power Co. v. Engineering Co.,* Supreme Court N. Y., 401, to which we were cited, as we understand them, that in any way militates against this view. In *Nissen's case* it was held that, on the facts as there presented, the owner of an automobile could not be properly held responsible for tort of his infant son, who had taken his father's machine out for a run without his permission and contrary to his express directions. And in the *Power case* it was held that a defendant corporation, engaged in the business of surveying land, could not be held liable for negligence in operating a car which had been taken out and used by certain officers of the corporation on a pleasure trip of their own, in no way connected with the company's business and which it had in no way authorized and sanctioned. The cases are made to rest on the position that the machines, at the time, were not being used in the owner's business or with his authority or consent, and do not apply where, according to defendant's own evidence, it was being operated at the time by one of the partners and coöwners, and under an arrangement with another of the partners that the machine was donated for free service of the town. The objection that the allegations of the defendant are not sufficient to present the case in any other aspect than that of a hiring cannot be sustained. True, the plaintiff alleges that there was a hiring, and of-

CARDWELL v. R. R.

fered evidence in support of his allegations; but the complaint, after alleging that the defendants were a copartnership, owning a garage and letting their machines for hire, contains averment, in general terms, "That plaintiff, while a passenger riding in an automobile furnished by defendants and driven by G. A. Kernodle, one of the partners and owners, was injured by the negligent and reckless manner in which he operated the car." The allegations are sufficiently broad to cover either aspect of the demand, and the objection must be overruled.

Plaintiff is entitled to a new trial of the cause on issues properly determinative of his rights, and it is so ordered.

New trial.