LOUISE W. CAMPBELL v. AMERICAN FIDELITY & CASUALTY COMPANY.

(Filed 22 September, 1937.)

1. **Insurance § 44—Employee riding pass held not within clause excluding employees while operating, maintaining, or using vehicle.**

The policy of liability insurance procured by a bus company excluded liability for injury to any employee of assured while operating, maintaining, repairing, or using any vehicle covered by the policy. Plaintiff was injured while riding on a pass given her as compensation for answering the phone at her hotel used as a bus terminal, and for giving information about the fares, baggage, and schedules. *Held:* Construing the policy

in accordance with the rights of assured and the intent of the parties, plaintiff, conceding she was an employee, was a passenger for hire at the time of the injury, and was not injured while operating, maintaining, repairing, or using the vehicle within the meaning of the noncoverage clause.

**2. Same—Employee riding pass held not within clause excluding liability to employees in course of trade or business of assured.**

The policy of liability insurance procured by a bus company excluded liability to any employee of assured arising out of and in the course of the trade, business, profession, or occupation of assured. Plaintiff was riding a pass given her for services rendered by her at assured's bus station in giving information to prospective passengers. *Held:* Construing the policy in accordance with the intention of the parties, the noncoverage clause excluded liability to employees injured while acting within the scope of their employment, and plaintiff's injuries were not sustained in the scope of her employment and insurer may not escape liability therefor under the noncoverage clause.

**3. Judgments § 29—**

An insurer having entire control of the defense of an action against insured is bound by the judgment, even though it is not a party to the suit, and may not assert in a subsequent action that the injured person was not a passenger for hire when this issue is adversely determined against it in the former action.

**4. Carriers § 15—**

An employee riding a pass given as compensation for services rendered is a passenger for hire.

**5. Carriers § 21—**

A carrier owes the same degree of care to a gratuitous passenger as it owes to a passenger for hire.

**6. Insurance § 43—Under facts, insurer held estopped to deny liability on ground that assured had no franchise to operate buses in the State.**

Assured operated buses largely in another State and had no franchise in this State, but its buses were used in North Carolina on routes assigned another company, controlled by the same interests, which did have a franchise in this State. The policy taken out by assured had an endorsement attached thereto expressly providing insurance on its buses covered by the policy while engaged in the transportation of passengers for compensation in North Carolina. Plaintiff was injured while riding on a bus of assured in North Carolina. *Held:* Insurer will not be heard to deny liability on the ground that assured had no franchise to operate buses in North Carolina.

APPEAL by the defendant from *Williams, J.,* at April Term, 1937, of CURRITUCK. No error.

On 22 April, 1930, the defendant issued to the assured, Virginia Beach Bus Line, Inc., and/or Coastal Coach Lines, Inc., its Policy No. PT-6491, indemnifying the assured "against any loss arising or resulting from claims on account of bodily injury or death suffered by any person

or persons other than the assured and his employees excluded herein as a result of accident occurring while the policy is in force." The policy carried the usual requirement that the defendant should defend actions for the recovery of damages.

There was a clause in said policy excluding certain employees of the assured from the coverage of said policy.

Bus No. 15 of Mack make, with Motor No. BA 703-79, was specifically included in the policy by endorsement. The liability to anyone individually was likewise limited to $5,000.

As required by resolution adopted by the Corporation Commission of North Carolina in 1927, endorsement (d) was likewise attached to said policy. This endorsement provides:

"The insurance granted under this policy is hereby extended to cover any motor vehicle, . . . specifically named, numbered, or otherwise designated, or described in the policy sufficiently for identification, operated by the assured while actually engaged in the transportation of passengers for compensation upon any of the public highways in the State of North Carolina."

The Virginia Beach Bus Line, Inc., will hereafter be referred to as Bus Line, and the Coastal Coach Lines, Inc., will be referred to as Coach Lines.

Plaintiff, while riding on one of the buses of the assured Bus Line named in said policy, to wit: Bus BA 703-79, on 11 September, 1930, suffered certain personal injury. Suit was instituted against the Bus Line and judgment was recovered in the sum of $8,645. Upon notice to this defendant, it appeared, assumed control, and directed the defense of the Bus Line in said suit.

The Bus Line having become insolvent, this suit was instituted by the plaintiff to recover of the insurer the amount of her recovery, subject to the limitations in the policy.

The defendant denied liability (a) for that the plaintiff, being an employee of the Bus Line, did not come within the coverage of the policy; (b) for that the policy limited the use of the motor vehicle in question to transportation of passengers for compensation purposes on schedule over routes authorized by the North Carolina Corporation Commission, and that the assured Bus Line had no franchise to operate buses within the State of North Carolina.

The Bus Line and the Coach Lines were controlled by the same interests and the two lines interchanged buses, the Bus Line buses being used at times on the scheduled runs of the Coach Lines under its franchise in North Carolina.

Judgment was rendered in the court below in favor of the plaintiff and against the defendant in the sum of $5,000, and the defendant appealed.

CAMPBELL *v.* CASUALTY CO. :

*W. H. Oakey and McMullan & McMullan for plaintiff, appellee.*
*Thompson & Wilson for defendant, appellant.*

BARNHILL, J.   The hotel of the plaintiff at Hertford, N. C., was used
by the Bus Line as a passenger station, or a bus stop.  She rendered
service to the Bus Company by answering the telephone, giving informa-
tion about the arrival and departure of buses and about the schedule,
fares, and baggage.   In return she received a pass entitling her to ride
free of charge on the buses of the Bus Line.   When injured she was
riding on the bus by virtue of the pass, going from Hertford to Norfolk.

It may then be conceded that the plaintiff was an employee of the
Bus Line at the time of her injuries.   Her duties as such employee were
confined to her hotel and her sole compensation was the pass she
received.

Was the plaintiff excluded from the coverage of the policy cited by
reasons of the provisions therein, excluding certain employees from the
protection of the policy?

Subsection A of the noncoverage clause excluded any employee of the
assured while operating, maintaining, repairing, or using any automobile
covered therein.   The word "using" as contained in this clause would
not embrace use as a passenger.   Plaintiff's duties did not require her
to operate, maintain, repair, or use any of the automobiles of the Bus
Line.   A reasonable interpretation of this language, bearing in mind the
rights of the assured and the intent of the parties to the contract, leads
to the conclusion that plaintiff does not come within this section of the
noncoverage clause.

Subsection B excludes liability to any employee of the assured arising
out of and in the course of the trade, business, profession, or occupation
of the assured.   It seems to be clear that the intent of this section was
to exclude those employees suffering injury which occurred in the course,
and which grew out of their employment in the trade, business, profes-
sion, or occupation of the assured; that is, those employees injured while
acting within the scope of their employment.

Broadly speaking, the noncoverage clause excludes only those em-
ployees who were injured while about their master's business.   The
plaintiff falls within neither of these classes.

Although she was an employee of the Bus Lines she was not acting
within the scope of her employment at the time of her injury.   Although
riding upon a pass given her in return for her services, she was a
passenger for hire.   The plaintiff's status as a passenger for hire at the
time of her injury has heretofore been judicially determined in plain-
tiff's former action against the insured Bus Line, which the instant
defendant exclusively defended at all stages.   The jury found, in re-

sponse to issues submitted, that the plaintiff was injured by the negligence of the Bus Line while traveling as a passenger for hire on one of its buses.

The defendant insurer, having assumed full control of the defense in that cause, cannot now be heard to question the legal status of the plaintiff as a passenger at the time of her injury. *Hynding v. Home Accident Insurance Company,* 85 A. L. R., 41 (Note); *Fullerton v. U. S. Casualty Company,* 6 A. L. R., 383 (Note).

"Where the insurer, although not being a party to an injured person's suit against the insured, conducts the defense of that suit, although in the name and behalf of the insured, with full opportunity to intervene therein and set up such defense as it deems proper, it is bound by the result thereof when sued later by the injured person." 6 Blashfield's Cyc. on Automobile Law and Practice, sec. 4076, page 442.

This defendant insurer having undertaken the defense in the case of this plaintiff against the insured, being responsible under its policy over to the assured on account of any judgment this plaintiff recovered against the assured for damages caused by the negligence of the assured, is bound by the judgment therein.

Even though this question had not been judicially determined in a manner binding upon the defendant, we would hold that the plaintiff was a passenger for hire.

Passes issued for a valuable consideration, whether money or services, are in no sense gratuitous, and an employee riding on such a pass is a passenger for hire. *N. S. R. R. Co. v. Chapman,* 244 U. S., 276; *Grand Trunk Ry. Co. v. Stephens,* 24 U. S. Law Edition, 535.

In 10 C. J., 635-6, it is said: "A person riding on a pass is as much a passenger as if he were paying full fare, unless he refuses to comply with the conditions thereof, and, if the pass is given for a valuable consideration, he is a passenger for hire."

In 10 C. J., 637, it is said, to like effect: "The consideration for the passes for such person is the service he renders."

To the same effect it is said in *Powell v. Union Pacific R. R. Co.,* 255 Mo., 420: "Where a railroad company engages an attorney to act as its local counsel, and gives him an annual pass in consideration of his agreement not to accept any cases against the company, the attorney, although using the pass on his own business, is a passenger."

Even though the plaintiff had been a gratuitous passenger, the assured would have owed her the same degree of due care. To this effect see *Gates v. Hall,* 171 N. C., 360.

We hold, then, that the plaintiff was not excluded from the coverage of said policy by reason of her employment by the Bus Lines.

Is plaintiff barred from recovery in this action by reason of the fact that the policy limited the use of the motor vehicle in question to transportation of passengers for compensation purposes on schedule over routes authorized by the North Carolina Corporation Commission and the Bus Line had no franchise to operate buses within the State of North Carolina?

The Bus Line, operating largely in the State of Virginia, but whose buses were used in North Carolina on routes assigned the Coach Lines, and the Coach Lines were equally insured by defendant's policy. This policy, by endorsement attached thereto, expressly provides that: "The insurance granted is extended to cover any motor vehicle . . . specifically named, numbered, or otherwise designated, or described, in the policy sufficiently for identification, operated by the assured while actually engaged in the transportation of passengers for compensation upon any of the public highways of the State of North Carolina." . The bus upon which plaintiff was riding at the time of her injury was specifically included in the policy and was being actually operated for the transportation of passengers for hire upon the public roads of North Carolina at the time plaintiff was injured. This defendant cannot now be heard to deny its liability under its policy by reason of the fact that at the time of the accident, resulting in injury to the plaintiff, it held no franchise from the Corporation Commission of North Carolina, authorizing it to operate its buses upon the public roads of North Carolina. The plaintiff is not excluded from the protection of the policy by reason of that fact. There was no error in the judgment below.

No error.