H. B. KOONCE v. ATLANTIC STATES MOTOR LINES, INC.

(Filed 14 January, 1959.)

**1. Compromise and Settlement—**

Compromise and settlement is an affirmative defense which ordinarily must be pleaded.

**2. Same—**

Plaintiff employee contended that it was agreed that his salary should not be reduced but that the amount paid him monthly should be reduced

and the amount of the reduction should accrue and be paid him in a lump sum at a later time. Defendant employer contended that the employee's salary was merely reduced by the said sum without further agreement, and introduced salary checks endorsed and cashed by the employee stating that they were in full settlement of all amounts of every nature due the payee on the date specified. *Held:* The acceptance of the checks would not preclude the employee from claiming the accrued salary unless the checks were accepted in settlement of a disputed account, and an instruction to this effect is without error.

**3. Master and Servant § 2b—**

Where the employer contends and offers evidence to the effect that it reduced the salary of an employee by a certain sum and that the contract thereafter continued without change for the reduced salary, and the employee contends and offers evidence to the effect that the parties agreed that his salary should not be reduced, but that it should be paid part in cash, and the amount of the reduction should accrue and be paid him at a later date in a lump sum, and that this agreement continued without change, the conflicting evidence raises an issue for the determination of the jury, and further the employee could not be limited in his recovery to the last six months of the employment.

**4. Same:    Customs and Usages:    Evidence § 55—**

Plaintiff employee contended that his salary, under agreement of the parties, was to be paid partly in cash and the balance to accrue and be paid in a lump sum at a later date, and offered evidence that on a prior occasion a raise in his salary was permitted to accrue and was paid in a lump sum at a later date. *Held:* The prior course of dealing tended to corroborate the plaintiff in his claim and was competent for that limited purpose.

APPEAL by defendant from *Phillips, J.,* March 17, 1958 Civil Term, GUILFORD Superior Court (High Point Division.)

Civil action to recover $5,750.00 the plaintiff alleged was the balance due on his salary. The defendant alleged payment had been made in full. The plaintiff testified that in the Fall of 1953 he was employed by the defendant as traffic and rate man on a part-time basis at $600.00 per month. On January 1, 1954, he entered into a contract of full time employment by the defendant at $750.00 per month, giving up his other employment. His salary was paid through the month of July, 1954. The parties are in agreement as to the salary and its payment through July, 1954. What happened thereafter is in dispute.

Here is the plaintiff's version: "Mr. R. L. Brinson (Chairman of the Board) stopped me one morning . . . and asked me to come by his office, and when I went in he called Mr. Joe Brinson (President) in, and he wanted to know . . . how much it took for me to live . . . He said that he wanted to get me to just draw $500.00 a month for six months and let $250.00 accrue on the books, and at the end of that

six months period he'd pay me the accrued for six months at $250.00 and put me back on $750.00 per month. His explanation as to why he wanted me to do that was that business was slow and he wanted to save every dollar he could right at that particular time. . . . I agreed to that with the understanding that I'd go back at $750.00 at the end of six months and get my accrued salary. . . . Mr. Brinson told me that he'd put that $250.00 on the books. So in a month or two I looked at the books and checked around, and I found out that it wasn't being put on there, so I talked with him about it then. . . . He told me the reason he wasn't putting it on there was that he would have to pay Social Security and withholding tax on it. . . . he had just left it off the books and would pay it all and settle it all at one time. . . . after the six months was up, I talked with Mr. Joe Brinson about it on several occasions. . . . Joe told me it was going to be paid if it was the last thing he ever did, that he would see that I was paid and I didn't need to worry about it. . . . I talked to Joe then (June 30, 1956, when plaintiff left defendant's employment) and he still assured me that it was all right and not to worry about it."

The plaintiff testified over defendant's objection that he had previously worked for the defendant in 1941 or 1942, and that at that time a raise in salary of $50.00 per month was set up on an accrual basis and later paid in a lump sum. At the time the evidence was admitted, the court gave the jury the following instructions: "Ladies and gentlemen of the jury, accrued pay at the different time from that mentioned in the suit is not to be considered by you as substantive evidence in this case. It is only for the purpose of showing a system between the plaintiff and the defendant, if it does show a system of accrual payments at other times."

The defendant, in its answer, denied any agreement to accrue any part of the salary; that the agreement was for a reduction from $750.00 per month to $500.00 per month; and that no other agreement was ever made.

Here is the defendant's version: R. L. Brinson testified (January 1, 1954), "Joe and I had a conversation with him (plaintiff) and hired him at $750.00 per month. . . . I had another conversation with him about the middle of July, 1954. We were losing so much money we had to do something with the top executives. So I called him in and told him I had to reduce his salary to $500.00 per month, and as soon as the company began to make money we'd reinstate his salary, reinstate it to $750.00." The witness further stated he never had any conversation about any accrual of salary: "That was never mentioned."

Joe Brinson testified nothing was ever said about accrual of salary

and no promise was made to reinstate it. His salary was cut $250.00 per month.

The defendant introduced salary checks issued to the plaintiff and endorsed and cashed by him. Each check contained the following: "This check is given in full settlement of all amounts of every nature due the payee named herein to the date specified. The endorsement and cashing of the same will constitute an acknowledgment of its correctness and a release of all further claims. If incorrect, do not cash, but return immediately."

At the close of all the evidence the defendant renewed its motion for nonsuit as to the claim generally, and specifically as to all the claim except for six months beginning August 1, 1954. The motions were overruled. The jury answered the issue of indebtedness in favor of the plaintiff for the full amount of his claim. From the judgment on the verdict, the defendant appealed.

*Schoch and Schoch, By: Arch K. Schoch for defendant, appellant.*
*Roberson, Haworth & Reese, By: Horace S. Haworth for plaintiff, appellee.*

HIGGINS, J. The defendant urges the judgment of the superior court should be reversed upon the ground the plaintiff accepted the monthly payment checks, for the entire period involved, with the notation on each check as set out in the statement of facts, and that the acceptance precludes the plaintiff from asserting any further claim. The defendant further contends if nonsuit is not warranted, at least a new trial should be awarded for the errors of the trial court (1) in denying the motion to limit recovery to the six months beginning August 1, 1954; (2) in permitting the plaintiff to testify that the parties had a similar accrual arrangement in 1941-42; (3) in giving undue emphasis and stress to the plaintiff's contentions and his evidence in support; (3) other errors in the charge.

Sharply divergent allegations of the parties and the evidence of each in support present a simple question of fact: Whether there was an agreement to accrue $250.00 per month of the plaintiff's salary. It may be noted that the defendant did not plead accord and satisfaction of a disputed claim. Ordinarily, such is an affirmative defense to be taken advantage of by pleading. *Joyner v. Woodard*, 201 N.C. 315, 160 S.E. 288. However, the court in effect gave the defendant the benefit of such plea by its charge: "When a creditor receives and collects a check sent by a debtor upon condition that it shall be a settlement in full of a disputed account, he may not thereafter repudiate the condition annexed to the acceptance. . . . All they (defendant)

plead is that they owe him nothing. So you will take this rule of law in this case, a check given and received by the creditor which purports to be in full of account to date does not conclude the creditor accepting it from showing that in fact it was not in full unless under the principle of accord and satisfaction there had been an acceptance of the check in settlement of a disputed account." *Allgood v. Trust Co.,* 242 N.C. 506, 88 S.E. 2d 825; *Rosser v. Bynum,* 168 N.C. 340, 84 S.E. 393.

We perceive no legal distinction between the plaintiff's right to recover for the first six months beginning August 1, 1954, and his right to recover for the full term of his employment. Neither party contends there was ever any change in the contract. The plaintiff testified his salary was $750.00 per month, $500.00 to be paid in cash and $250.00 to be accrued; and that this contract continued without modification as long as he worked for the defendant. The defendant, on the other hand, offered testimony that the contract for the full term of the employment from August 1, 1954, to the time the plaintiff left the company, was unchanged; that it was for $500.00 per month, with no additional payment to be accrued, or otherwise. So the parties agree that no change was made in the contract after August 1, 1954. The question was simple. Which party was correct? The answer, whether simple or complex, was for the jury. Motion for judgment of nonsuit was properly denied.

The plaintiff testified that on a prior occasion by agreement of the parties a raise in his salary was permitted to accrue and was paid in a lump sum at a later date. This evidence was received by the court for the limited purpose of showing a prior arrangement between the parties somewhat similar to that now contended for by the plaintiff. The prior course of dealing by the parties tended to some extent to corroborate the plaintiff in his present claim. The evidence was competent for that purpose and so limited by the court.

The defendant's other exceptions, including those to the charge, fail to disclose error. The court stated the contentions of the parties, reviewed the evidence thereon, and fairly and impartially applied the law to the factual situations as testified to and contended for by the parties. In the trial below, there is

No Error.