J. H. LAMPLEY v. TRENHOLM CLARENCE BELL, JR.

(Filed 23 September, 1959.)

**1. Compromise and Settlement: Insurance § 61½ —**

A settlement made by insurer in liability policy providing that insurer might make such investigation and settlement of any claim as insurer deemed expedient, will not bar insured from thereafter maintaining an action to recover for personal injuries and property damage to his vehicle resulting from the collision when such settlement is made by insurer without the knowledge or consent of insured or over his protest.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Patton, J.,* March Term 1959 of HENDERSON.

The plaintiff instituted this action to recover for personal injuries and property damages resulting from the alleged negligent operation of a motor vehicle by the defendant.

The collision occurred between the plaintiff's Buick automobile while being operated by him, and a Chevrolet pick-up truck owned and operated by the defendant, at the intersection of Justice Street and Sixth Avenue West, in Hendersonville, North Carolina, on 5 April 1958.

The defendant answered the complaint, denying his own negligence and alleging negligence on the part of the plaintiff. In his answer, the defendant also alleged as a plea in bar of the plaintiff's cause of action that a settlement had been made by the plaintiff with the defendant.

The plaintiff replied to the defendant's answer, denying that he had made any settlement with the defendant or that he had authorized anyone to do so for him.

At the hearing below on the plea in bar it was made to appear that the plaintiff's liability insurance carrier had made a settlement with the defendant and his father, who was riding with the defendant at the time of the collision, purportedly on behalf of its insured, the plaintiff.

The court below, among other things, found as a fact, "That the plaintiff was not aware of the settlements until after this action was commenced and the defendant filed his answer and plea in bar. That the plaintiff had told his adjuster, E. C. Powell, prior to said settlements that he, the plaintiff, intended to pursue his claim against the other driver, Trenholm Clarence Bell, Jr."

The court, however, held "that the policy of insurance constituted a binding contract between the plaintiff and his insurance carrier

wherein said insurance carrier was vested with the power to 'make such investigation and settlement of any claim or suit as it deems expedient,' and that said insurance carrrier under and by virtue of said provisions of said policy had the right and power to make settlement with the defendant in behalf of the plaintiff and that the plaintiff is bound thereby, and the court being further of the opinion and concluding as a matter of law that said settlement and release constituted a determination of the respective rights and liabilities of the plaintiff and the defendant, and that neither party thereafter had any right to pursue the other in respect to any liability arising out of any alleged negligence proximately causing the collision which is the subject of this suit."

Judgment was accordingly entered and the plaintiff appeals, assigning error.

*Whitmire & Whitmire for plaintiff.*
*Williams & Williams for defendant.*

DENNY, J. As we interpret the record on this appeal, the only question to be determined is whether or not the provision in the plaintiff's policy of insurance, which provides that the insurance carrier shall have the power to "make such investigation and settlement of any claim or suit as it deems expedient," is binding on the insured where the insurer makes the settlement and procures releases either without the knowledge or consent of the insured or over the protest of the insured.

It seems to be well-nigh the universal holding in this country that where an insurance carrier makes a settlement in good faith, such settlement is binding on the insured as between him and the insurer, but that such settlement is not binding as between the insured and a third party where the settlement was made without the knowledge or consent of the insured or over his protest, unless the insured in the meantime has ratified such settlement. *Beauchamp v. Clark*, 250 N.C. 132, 108 S.E. 2d 535, and cited cases. See also *Wm. H. Heinemann Cream v. Milwaukee Auto Ins. Co.*, 270 Wis. 443, 71 N.W. 2d 395; *Birkholz v. Cheese Makers Mutual Casualty Co.*, 274 Wis. 190, 79 N. W. 2d 665; *Klotz v. Lee*, 36 N. J. Super. 6, 114 A 2d 746; *Hurley v. McMillan* (Tex. Civil App.), 268 S.W. 2d 229; Anno: Liability Insurer — Settlement — Effect, 32 AL.R. 2d 937.

It is said in 5A Am. Jur., Automobile Insurance, section 117, page 119: "An automobile liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests

of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts. Thus, a settlement made by a liability insurer without the knowledge or consent of the insured, for damage to a truck which collided with the insured's vehicle, does not preclude an action by the insured against the truck owner for personal injuries and property damage suffered by the insured, where the policy empowers the insurer to settle claims against the insured but does not authorize it to settle or release the insured's claims. * * * "

Likewise, in *Hurley v. McMillan, supra,* it is said: "Appellant cites no authority holding that the payment by an insurance company of a claim arising under its policy, made without the knowledge or consent of the insured can be taken as any evidence against the insured that he negligently caused the collision. It was held in *Foremost Dairies, Inc. v. Campbell Coal Co.,* 57 Ga. App. 500, 196 S.E. 279, 283, that 'where, under an insurance policy which insures the insured against loss arising from claims for damages growing out of an accident covered by the policy, the company, when settling such claim, although the contract of settlement releases the insured from all liability, does not act as the agent of the insured.' We have found no authorities which hold otherwise. It is manifest that an insurance company, if it admits that its insured is liable, without its insured's knowledge or consent, is acting in its own interest, and not as the agent of the insured. The insurer cannot bar its insured's right to recover $24,000 damages for injuries received in the collision, by settling the claim of the other party to the collision for $1,325."

There is no obligation or authority on the part of the plaintiff's insurance carrier under the terms of its policy issued to plaintiff, to pay anyone for the injuries tortiously inflicted by a third party on its insured. *Fikes v. Johnson,* 220 Ark. 448, 248 S.W. 2d 362, 32 A.L.R. 2d 934. Hence, as pointed out by *Rodman, J.,* speaking for the Court in *Beauchamp v. Clark, supra,* "Logic and a fair interpretation of the policy provision compel the conclusion that under the facts here depicted insurer had no authority to compromise and settle plaintiff's claim for the injuries tortiously inflicted on him."

Although the plaintiff in the instant case was a party to the insurance contract, his insurer had no more authority to compromise for the alleged injuries tortiously inflicted on him by the defendant, without his consent or over his protest, than the insurance carrier had to settle on behalf of the plaintiff in the *Beauchamp* case.

As pointed out in the *Beauchamp* case, the Supreme Judicial Court of Massachusetts reached a different conclusion in the case of *Long*

*v. Indemnity Co.*, 277 Mass. 428, 178 N.E. 737, 79 A.L.R. 1116, which is the only jurisdiction we have been able to find that has held contrary to the conclusion we have reached herein.

The Massachusetts Court, in the *Long* case, upheld the entry of a consent judgment, consented to by the insurance carrier over the protest of the insured. However, it will be noted that the Massachusetts Court handed down its opinion in the above cited case on 14 December 1931, and on 31 March 1932 the Legislature of that State enacted a statute to the effect that "A judgment entered by agreement of the parties, the payment of which is secured in whole or in part by * * * a motor vehicle liability policy, * * * shall not operate as a bar to an action brought by a defendant in the action in which such judgment was entered, unless such agreement was signed by the defendant in person." Acts & Resolves of Massachusetts, Chapter 130, 1932, codified as amended in Ann. Laws of Massachusetts, Volume 8, Chapter 231, section 140A.

The factual situation in the case of *Lumber Co. v. Insurance Co.*, 173 N.C. 269, 91 S.E. 946, relied on by the appellee did not involve the particular question that is herein presented for determination and is, therefore, not controlling on the present record.

This Court has held that where parties compromise and settle their differences growing out of an automobile collision, by contract or consent judgment, that the parties to such contract or consent judgment are bound thereby. *Herring v. Coach Co.*, 234 N.C. 51, 65 S.E. 2d 505; *Snyder v. Oil Co.*, 235 N.C. 119, 68 S.E. 2d 805; *Houghton v. Harris*, 243 N. C. 92, 89 S. E. 2d 860. However, in the present case the plaintiff did not consent to the settlement made and there is no evidence of ratification disclosed on the record.

The judgment of the court below is

Reversed.

HIGGINS, J., not sitting.