MARCUS EVAN CAMPBELL v. MARGARET BROWN.

(Filed 11 November, 1959.)

1. Compromise and Settlement—

     Judgment sustaining defendant's plea in bar based on a settlement made by plaintiff's insurer with defendant without the knowledge or consent of plaintiff, reversed on authority of *Lampley v. Bell,* 250 N.C. 713.

APPEAL by plaintiff from *Phillips, J.,* April Term, 1959, of RANDOLPH.

Civil action to recover property damages allegedly caused by the negligence of defendant, growing out of a collision on July 14, 1958, at a street intersection in Randleman, N. C., between automobiles owned by plaintiff and by defendant. Evan D. Campbell, plaintiff's minor son, was operating plaintiff's car; and Jerry Brown, defendant's minor son, was operating defendant's car.

Plaintiff moved to strike the allegations of defendant's. "Second Further Defense" wherein defendant alleged, in bar of plaintiff's action, the payment to defendant by plaintiff's liability insurance carrier of $250.00 in full settlement of defendant's claims against plaintiff, Evan D. Campbell and said insurance carrier, and the execution by defendant of a release.

There was a hearing with reference to defendant's said plea in bar in which the parties stipulated, *inter alia,* that the insurance carrier made the settlement and obtained defendant's release "without the knowledge or consent of the plaintiff." The court ruled that, upon the stipulated facts, plaintiff's action was barred; and judgment, dismissing the action and taxing plaintiff with costs, was entered. Plaintiff excepted and appealed.

*Ottway Burton and Don Davis for plaintiff, appellant.*
*Coltrane & Gavin for defendant, appellee.*

PER CURIAM. In *Lampley v. Bell,* 250 N.C. 713, 110 S.E. 2d 316, opinion filed September 23, 1959, this Court fully considered the identical question; and, upon authority thereof, the judgment of the court below is reversed. Indeed, by stipulation filed in this Court, the parties agree that *Lampley v. Bell, supra,* controls decision here and requires such reversal.

It is noted that *Lampley v. Bell, supra,* had not been decided when the court entered the judgment (April 13, 1959) from which this appeal is taken.

Reversed.