MABEL R. BRADFORD, EXECUTRIX OF THE ESTATE OF FRANK L. BRADFORD, DECEASED, v. MRS. DORIS KELLY.

(Filed 30 October 1963.)

**1. Insurance § 61.1—**

The compromise and settlement of a claim by insurer for which it would be liable under the terms of its policy will not bar the right of insured, or anyone covered by the policy, from suing the releasor for his damages provided he has neither ratified nor consented to such settlement.

**2. Same— In insured's action against driver of other car involved in collision, insurer is neither proper nor necessary party.**

In an action for wrongful death by the personal representative of insured against the driver of the other car involved in the fatal collision, defendant pleaded as a bar a compromise and settlement procured by plaintiff's insurer of defendant's claim for her damages arising from the same collision, and, in the alternative, set up a cross action for her damages. Insurer sought to be allowed to intervene to plead the release as against the cross action. *Held:* Insurer is not a proper party and does not have such interest in the subject matter of the litigation as to constitute it a necessary party, and its motion to intervene was properly denied, since, if the plea in bar is sustained, insurer has no further liability, and, if the plea in bar is overruled and plaintiff pleads the release or moves to strike the counterclaim it would bar not only the counterclaim but also plaintiff's action, while if plaintiff declines to plead the release she would assume the risk of a judgment in excess of the settlement, and in no event would insurer be adversely affected.

APPEAL by petitioner, Allstate Insurance Company, from *Martin,* S.J., June 1963 Non-Jury Civil Session of BUNCOMBE.

Frank L. Bradford died on October 10, 1962. He had been injured on September 18, 1961 when the automobile he was operating collided with the automobile operated by defendant.

Plaintiff, as his executrix, brings this action to recover for his pain and suffering, medical expenses, loss of earnings, property damage, and wrongful death which, she alleges, were proximately caused by the negligence of the defendant on September 18, 1961. Answering the complaint, the defendant denied negligence and, as a First Further Answer and Defense, alleged that Bradford—or someone in his behalf —had paid her $559.02 in full settlement of the damages she sustained in the collision; that Bradford had subsequently ratified the settlement; and that it constituted an accord and satisfaction between the parties. As a Second Further Answer and Defense, defendant alleged a counterclaim for injuries to her person and property in the event this plea of compromise and settlement should not be sustained.

Replying to the answer, plaintiff alleged that if any payment had been made to the defendant it was without the knowledge or consent of Bradford and that she "objects thereto, and does not ratify the same, and . . . is not bound thereby . . ." At the same time plaintiff moved to strike the plea in bar contained in the First Further Answer on the ground that she had filed a reply setting forth matters in avoidance. In the alternative, she moved that the plea in bar be heard prior to the trial of the case on its merits.

Allstate Insurance Company carried the liability insurance upon Bradford's automobile. Upon receiving notice of the defendant's counterclaim, it petitioned the court for leave to intervene in order that it might set up as a defense thereto a release executed by the defendant on September 22, 1961 in consideration of $559.02 whereby defendant had discharged Bradford and his personal representatives from any liability growing out of the accident on September 18, 1961. The judge denied the plaintiff's motion to strike the defendant's plea in bar but ordered that it be heard "prior to the trial of the balance of said case." He denied the petition of Allstate Insurance Company to intervene and it appealed.

*Van Winkle, Walton, Buck and Wall by O. E. Starnes, Jr., for plaintiff appellee.*
*Williams, Williams and Morris for intervenor appellant.*

SHARP, J. The standard automobile liability insurance policy provides that the insurer may, in its discretion, settle any claim against the insured for which it would be liable under the terms of the

policy. When exercised in good faith these provisions are valid and binding on the insured. G.S. 20-279.21(f) (3); *Alford v. Insurance Co.*, 248 N.C. 224, 103 S.E. 2d 8; *Lumber Co. v. Insurance Co.*, 173 N.C. 269, 91 S.E. 946. However, it is now settled law in this State that the exercise of this privilege by the insurer will not bar the right of the insured, or anyone covered by his policy, to sue the releasor for his damages where he has neither ratified nor consented to such settlement. *Lampley v. Bell*, 250 N.C. 713, 110 S.E. 2d 316; *Beauchamp v. Clark*, 250 N.C. 132, 108 S.E. 2d 535; *Campbell v. Brown*, 251 N.C. 214, 110 S.E. 2d 897; 38 N.C.L., Rev., 81 and 570; 32 A.L.R. 2d 937. As pointed out by *Denny, J.* (now C.J.) in *Lampley v. Bell, supra:*

> "It seems to be well-nigh the universal holding in this country that where an insurance carrier makes a settlement in good faith, such settlement is binding on the insured as between him and the insurer, but that such settlement is not binding as between the insured and a third party where the settlement was made without the knowledge or consent of the insured or over his protest, unless the insured in the meantime has ratified such settlement."

The case now confronting us raises this question: What are the rights and liabilities of an insurer which has satisfied the claim of a party injured in a collision with its insured when the insured subsequently institutes an action for his own damages and the defendant from whom it had procured a release, pleads the previous settlement as a bar to the plaintiff's cause of action and in the alternative sets up a counterclaim against the plaintiff for his damages?

Accord and satisfaction is an affirmative defense which must be pleaded. *Koonce v. Motor Lines, Inc.*, 249 N.C. 390, 106 S.E. 2d 576. Therefore Allstate is apprehensive that unless it is allowed to intervene and plead the release, it too would be bound by any judgment which the defendant might obtain against the plaintiff and thus be subjected to a liability it had already discharged. *Hall v. Casualty Co.*, 233 N.C. 339, 64 S.E. 2d 160; *Campbell v. Casualty Co.*, 212 N.C. 65, 192 S.E. 906; *Squires v. Insurance Co.*, 250 N.C. 580, 108 S.E. 2d 908. Plaintiff is equally apprehensive that her case would be seriously prejudiced if the jury should learn that her testate's insurer, convinced that its insured was the party at fault, had paid the defendant for his damages.

It is the rule with us that in an action for damages founded upon the alleged negligence of the insured, his liability insurance carrier is not a proper party defendant. *Taylor v. Green*, 242 N.C. 156, 87 S.E. 2d 11. The trial judge's refusal to allow Allstate to intervene must be up-

held unless the insurance carrier, under the facts of this case, has become a necessary party. Does Allstate presently have such an interest in the subject matter of this litigation that it will either gain or lose by the direct operation and effect of any judgment which defendant might recover against the plaintiff on her counterclaim? *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484; *Griffin & Vose, Inc. v. Minerals Corp.,* 225 N.C. 434, 35 S.E. 2d 247; *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

If, upon the hearing of the plea in bar, it is determined that the plaintiff ratified the settlement made by Allstate Insurance Company, as defendant alleges, Allstate has no problem for such a determination would end the case. After parties have compromised and settled their claims growing out of an automobile collision, neither may thereafter maintain a cause of action against the other which arises out of the same collision. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *Houghton v. Harris,* 243 N.C. 92, 89 S.E. 2d 860; *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908. Therefore, as plaintiff correctly points out, Allstate's petition to intervene prior to a final determination of the plea in bar is premature.

However, in each of the cases which have come to this Court involving the right of a plaintiff to prosecute his action after a settlement with the defendant by his insurance carrier, the defendant's plea of compromise and settlement has been overruled upon a finding that plaintiff had neither consented to the settlement nor ratified it. Recognizing the possibility of a similar result in this case, both plaintiff and Allstate request the Court to define the status of defendant's counterclaim in the event her plea in bar is not sustained.

These questions arise: Having, by her plea in bar, judicially admitted her acceptance of $559.02 in full settlement of all damages which she suffered as a result of the collision with plaintiff, can the defendant at the same time, by way of an alternative plea, maintain a counterclaim for those same injuries? If plaintiff should move to strike the counterclaim because of the settlement which defendant has plead, would she thereby ratify the settlement and cause the dismissal of her own action?

The novel questions presented by this appeal emanate from the modern requirement that every automobile owner carry liability insurance and from the standard provision in such policies permitting his carrier, in its discretion, to settle any claim against him within the coverage of the policy. Counsel for the respective parties have cited us no factually analagous case from any jurisdiction. Our research discloses that at least two have considered these questions.

In *Faught v. Washam,* Mo., 329 S.W. 2d 588, decided in September 1959, plaintiff's counsel, unknown to the plaintiff, was also representing his insurance carrier. Without plaintiff's knowledge, the attorney plead a release obtained by the carrier from the defendant in bar of the counterclaim which defendant asserted against plaintiff. The defendant thereupon moved to dismiss plaintiff's action. The subsequent procedural course of this case is not clear from the opinion. However, the court held that under "the peculiar facts of this case," it was clear that plaintiff had not intended to ratify the settlement. It acknowledged a total lack of precedent "in which this novel point has been ruled," and avoided the questions before us by denying defendant's motion to dismiss and ordering that the counterclaim be tried separately. The court did not intimate whether the judgment in the first case tried would be *res judicata* in the trial of the second. Our North Carolina practice and procedure, however, does not permit such a severance. See *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545.

In 1960, Division No. 2 of the Court of Appeals of Georgia considered the problem in *Cochran v. Bell,* 102 Ga. App. 617, 117 S.E. 2d 645. In that case, plaintiff and defendant both suffered damage in an automobile collision. Plaintiff's insurance carrier paid the defendant in full settlement of his claims against plaintiff and received his release in return. Thereafter plaintiff brought an action against defendant who set up a counterclaim for his own damages without pleading the release. Plaintiff moved to dismiss the counterclaim on the ground that defendant had released his cause of action. On these facts, the court held that neither party had a right of action against the other and dismissed the suit. The rationale of the opinion is that while the settlement was not binding upon the plaintiff in the first instance because not authorized by her, it placed her in a position of having to elect whether to ratify or repudiate the settlement. When she successfully relied upon it to dismiss the counterclaim she could not thereafter adopt the inconsistent position of disavowing the release.

Subsequently, the Supreme Court of Georgia decided the case of *Allstate Insurance Co. v. Hill,* 218 Ga. 430, 128 S.E. 2d 321. The background facts of this case differed from *Cochran v. Bell* only in that when defendant set up his counterclaim in plaintiff's action, plaintiff then called upon her liability insurer, Allstate Insurance Company, to defend the cross action but refused to permit it to plead the release executed by the defendant. Whereupon, Allstate instituted this action against defendant to enjoin him from further prosecuting the counterclaim or, in the alternative, for permission to intervene in the original suit of the plaintiff against defendant. The Court held that Allstate

was entitled to the injunction. No provision of the Georgia law would allow the insurance carrier to intervene in the case of plaintiff against defendant Hill. It reasoned therefore that if defendant Hill should recover a judgment against the plaintiff therein, the release he had executed would bar his enforcement of such judgment against Allstate; therefore, an injunction would put an end to litigation. The Court said that it was not then necessary to decide whether plaintiff was so bound by the release executed by defendant Hill as to bar her suit.

Quillan, J., dissenting in *Allstate Insurance Co. v. Hill,* was of the opinion that Allstate was entitled neither to enjoin the cross action nor to intervene in the action pending between the original parties. Adhering to the reasoning in *Cochran v. Bell,* he argued that "in the stated circumstances," as between plaintiff and defendant themselves, there was no valid settlement; that as long as it was not pleaded, the release executed by defendant did not extinguish the right of either party to recover damages from the other; that when the plaintiff brought her action for damages arising out of the collision and then chose not to plead the release as a defense to the counterclaim, she thereby elected to repudiate it and thus gave defendant the right to maintain his cross action against her. In the view of Justice Quillian, when plaintiff repudiated the release, Allstate was thereupon relieved from any further obligation to defend the cross action against her. He agreed with the majority that, having settled with defendant, Allstate had no further liability to him on any judgment he might subsequently acquire against the plaintiff on his counterclaim. He pointed out, however, that the insured, as a matter of equity, would be entitled to have any judgment which might be entered against her in favor of Hill credited with the amount of Allstate's payment to him.

Three months later the Georgia Supreme Court (two justices dissenting), in effect, overruled *Cochran v. Bell* by holding, in a case parallel with *Allstate Insurance Co. v. Hill,* that the standard policy clause giving the insurance carrier the right to settle claims against its insured constitutes it the agent of the insured and that the latter is bound by its settlement as if he had made it himself. *Aetna Casualty & Surety Co. v. Brooks,* 218 Ga. 593, 129 S.E. 2d 798. The North Carolina Court expressly repudiated this solution of the problem in *Lampley v. Bell, supra.*

The dissent in *Allstate Insurance Co. v. Hill, supra,* appears to us to contain the better reasoning. It is our opinion that should the defendant's plea in bar in this case be overruled, the plaintiff would then be put to an election. She must either ratify the release which Allstate obtained from the defendant in behalf of her intestate by pleading it in

bar of defendant's counterclaim or reject it by declining so to plead. If plaintiff elects to plead the release, such a plea would bar not only defendant's counterclaim but also her own cause of action. *Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580. Moreover, should plaintiff move to strike the counterclaim upon the ground that defendant had released his cause of action against her intestate, such a motion would likewise constitute a ratification. She may not blow hot and cold. On the other hand, if plaintiff should decline to plead the release she would thereby discharge Allstate from any further responsibility and personally assume the risk that a judgment in excess of the carrier's compromise payment to the defendant might be rendered against her on the counterclaim. Furthermore, the release which defendant executed and delivered to Allstate would be a complete defense to the carrier in any suit he might bring against it on such a judgment. Having negotiated with the insurance company and taken its money as consideration for the release, a party would be estopped to make any further claim against the carrier for injuries growing out of the collision which was the subject matter of the settlement. This Court has held that a tort-feasor, knowing that an insurer has a claim for subrogation against him, may not defeat that claim by paying to the insured the full amount of his damages and taking a complete release from him. *Phillips v. Alston, supra.* A *fortiori,* one who has himself settled a cause of action with an insurance company may not again impose liability upon it by securing a judgment against its insured for the same injuries.

From the foregoing we conclude that Allstate Insurance Company is neither a proper nor a necessary party to this action. The order of the court below is

Affirmed.