HARRY DOYLE THOMAS, SR., IDELL A. THOMAS AND HARRY DOYLE THOMAS, JR. v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 46

(Filed 18 November 1970)

Insurance § 99— automobile liability insurance — failure of insurer to accept compromise offer

Insured motorists, who were required to pay $6500 to the injured party in an automobile accident case in order to discharge that part of a $17,000 verdict against them which was not covered by their policy of automobile liability insurance, failed to prove, in their subsequent action against the insurer, that the insurer was guilty of negligence or bad faith, or both, in not accepting the injured party's offer to settle her claim against plaintiffs for $10,000.

APPEAL by plaintiffs from *Barefoot, J.,* March 16, 1970 Session, PENDER County District Court. After the appeal was docketed in the Court of Appeals, and before it was heard, this Court allowed the plaintiffs' petition and certified the cause here for the appellate review.

The plaintiffs, insureds, instituted this civil action against Nationwide Mutual Insurance Company, insurer, alleging the insurer was guilty of negligence and bad faith, or both, in failing to settle a claim for damages growing out of an automobile accident in which the insured vehicle was involved.

Nationwide Mutual Insurance Company (Nationwide), under its automobile liability insurance policy, provided coverage in the amount of $10,000 for personal injury and $500 for medical expenses, resulting from the use of a 1961 model Ford automobile. On October 7, 1965, Gladys M. Thomson was injured while riding as a guest passenger in the insured vehicle. She instituted a civil action against the plaintiffs, alleging she was entitled to recover $65,000 for her injuries.

The evidence before the court in Mrs. Thomson's case is summarized in this Court's opinion reported in 271 N.C. 450. The jury awarded $17,000 as her damages. This Court found no error in the trial and judgment. The insurer paid $10,500 maximum coverage for the injuries and medical expenses. The present plaintiffs discharged the balance due on the judgment.

As a basis of recovery in this action, the plaintiffs allege that: (1) Nationwide took complete charge of the litigation involving the Thomson claim; (2) the case involved a clear case of liability and serious injury; (3) the evidence indicated the recovery would greatly exceed the amount of the coverage; (4) the defendant "negligently, or in bad faith, or both, refused to settle or try to settle the Thomson claim."

The plaintiffs' evidence, as summarized in the brief, is here quoted, omitting page references:

"Sometime before the trial, counsel for the claimant Gladys M. Thomson had offered to settle for $12,500. The insurer made no counter offer, and in fact never made any offer or counter offer. On the morning of the last day of the trial, counsel for the claimant indicated that he would recommend a settlement of $10,000 to the claimant if the insurer would offer that amount. Then, while the jury was out deliberating its verdict between 3:00 and 4:00 o'clock that afternoon, counsel for claimant repeated his invitation for an offer in these words: 'Mr Smith, if you will offer me $10,000, I will submit it to my client and I will recommend that she accept this and I believe she will follow my recommendation.' Counsel for the insurer left the room to call the insurer, but came back stating that he could not reach his claims personnel, and no offer for that amount was made. . . ."

In addition to the above, Mrs. Thomson testified that she would have accepted $10,000 prior to the verdict, but she had

not disclosed the fact to her counsel. On cross examination, she testified: "I did not authorize Mr. McGee (her attorney) to accept any fee. He said he didn't authorize any certain amount at that particular time before trial."

At the conclusion of the plaintiffs' evidence, the court allowed defendant's motion for a directed verdict in favor of the defendant upon the ground the plaintiffs' evidence was insufficient to support either a finding of defendant's negligence or of its bad faith by reason of its failure to compromise Mrs. Thomson's claim. From the judgment dismissing the action, the plaintiffs appealed.

*Graham A. Phillips, Jr., Moore & Biberstein by R. V. Biberstein, Jr., for the plaintiffs.*

*Marshall, Williams & Gorham by Lonnie B. Williams for the defendant.*

HIGGINS, Justice.

The plaintiffs allege the defendant should have known (1) the plaintiffs had no defense to Mrs. Thomson's action; (2) the recovery for her injuries would greatly exceed the maximum coverage of the policy; (3) since the defendant had the exclusive right to control the litigation, it was under the legal duty to plaintiffs to settle the claim for an amount not in excess of the coverage; (4) the defendant was guilty of negligence or bad faith, or both, in failing to compromise the Thomson claim for $10,000; (5) the jury, having awarded Mrs. Thomson $17,000, the plaintiffs, in order to discharge the judgment were required to pay $6,500. In this action, they demand the defendant should repay them.

It appears that all essential questions in dispute in this case were before this Court and settled adversely to plaintiffs' contention in *Lumber Co. v. Ins. Co.*, 173 N.C. 269, 91 S.E. 946. In that case, the plaintiff alleged the defendant's indemnity policy carried a maximum coverage of $5,000. The insurance company assumed complete control of the litigation. The insured's claim for his injuries could have been settled for $1,000 to $2,500. The defendant negligently or in breach of its duty under its policy failed to settle the claim. The jury returned a verdict for the plaintiff in the amount of $20,000. In *Lumber Co.*, the court sustained the demurrer and dismissed the action,

holding, ". . . the complaint failed to state a cause of action either as a breach of implied contract or in tort for negligence."

In *Lumber Co.,* the Court said: "It is true as held by other courts that when an insurer—on being notified of an action for injuries—assumes the defense thereof and was negligent in conducting the suit to the loss of the employer, the latter was entitled to sue the insurance company for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence." The court held the complaint failed to allege the insurer was guilty of any negligence in the conduct of the suit, or that it failed to employ competent counsel, or that counsel's negligence was responsible for the unfavorable verdict. "So far as the complaint shows, the case was conducted properly and skillfully, though it resulted in a verdict of $20,000 against the plaintiff . . . (I)t turns out that it would have been better . . . if the offer of compromise had been accepted . . . This is a case where *hindsight* turns out to be better than *foresight*. It was a mistake of judgment, something not unusual in the affairs of this life. Such a mistake honestly made does not subject the person to legal liability."

The verdict in *Lumber Co.* was four times the maximum coverage; eight to twenty times the amount for which the complaint alleged the claim could have been settled. These allegations were deemed admitted for the purpose of testing the sufficiency of the complaint. Even so, the court sustained the demurrer and dismissed the action.

In this case, both parties displayed some disposition to settle the original case. However, the equivocal nature of the settlement negotiations, together with the amount of the verdict in proportion to the maximum coverage, indicate neither party was sure of the outcome, especially as to the amount of a recovery. In *Lumber Co.,* the complaint failed to state a cause of action. In the instant case, the evidence was held insufficient to support a cause of action. The proof in the latter is certainly not any stronger than the allegations of the complaint in the former. The decision in *Lumber Co.* has been cited many times in the opinions of this Court, among them: *Connor v. Ins. Co.,* 265 N.C. 188, 143 S.E. 2d 98; *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886; *Lampley v. Bell,* 250 N.C. 713, 110 S.E. 2d 316; *Alford v. Ins. Co.,* 248 N.C. 224, 103 S.E. 2d 8.

After all, the plaintiffs' negligence caused the injuries and damages. In addition to defending them in the suit, the de-

fendant paid the full amount of its policy coverage. As the case turned out, the plaintiffs had not bought enough insurance. This evidence, stretched to its outer limits, simply does not go far enough to require the defendant to donate $6,500 additional insurance.

On the authority of *Lumber Co.,* and other cases to the same effect referred to in the cases cited, the Court now holds that the plaintiffs' evidence was insufficient to make out a case. The directed verdict for the defendant was required under Rule 50, Rules of Civil Practice, 1A, 50 (a). The judgment dismissing the action is

Affirmed.