BILLY RAY ANDERSON v. E. L. GOODING, EXECUTOR OF WILL OF ELIZABETH GOODING HARDY, J. W. BREWER, AND GREAT AMERICAN INSURANCE COMPANY

No. 793SC57

(Filed 6 November 1979)

**Executors and Administrators §§ 19.1, 21— personal injury in automobile accident —claim against estate—time for filing**

A claim against decedent's estate for personal injuries received in an automobile accident was barred by G.S. 28A-19-3(a) where the claim was received by the executor of the estate more than six months after the general notice to creditors was published.

Judge VAUGHN dissenting.

---

---

ON writ of certiorari to review proceedings before *Reid, Judge*. Judgment entered 24 October 1978 in Superior Court, PITT County. Heard in the Court of Appeals 25 September 1979.

Billy Ray Anderson was injured in an automobile collision involving a car driven by himself and another car driven by Elizabeth Gooding Hardy. Mrs. Hardy died within the hour.

E. L. Gooding qualified as the executor of the estate of Elizabeth Gooding Hardy on 20 April 1977 and published the general notice to creditors required by G.S. 28A-14-1 in The Standard Laconic beginning 27 April 1977.

The executor received Anderson's claim against the estate on 16 November 1977—more than six months after the general notice to creditors had been published. The defendant Gooding denied plaintiff's claim relying on the provisions of G.S. 28A-19-3(a), which provides as follows:

> All claims, except contingent claims based on any warranty made in connection with the conveyance of real estate against a decedent's estate which arose before the death of the decedent, including claims of the United States and the State of North Carolina and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, secured or unsecured, founded on contract, tort, or other legal basis, which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 within six months after the day of the first publication or posting of the general notice to creditors as provided for in G.S. 28A-14-1 are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent.

On 21 December 1977, the plaintiff filed a complaint in this cause alleging (1) that he was injured as a result of the negligence of Elizabeth Gooding Hardy; and (2) that Great American Insurance Company acting through its agent, J. W. Brewer, committed unfair trade practices by advising the plaintiff that settlement would be made with him by Christmas 1977, well after the date of the six months' limitation for filing claims against the estate. An order was made severing the claims by the plaintiff against J. W. Brewer and Great American Insurance Company, leaving only the

defendant E. L. Gooding, executor of the will of Elizabeth Gooding Hardy, as the defendant in this particular cause.

The defendant pleaded in bar of plaintiff's claim the provisions of G.S. 28A-19-3(a) set out above, and plaintiff filed a motion for partial summary judgment, which motion was allowed. Defendant filed a petition for a writ of certiorari to the Court of Appeals which was allowed.

*Johnson, Patterson, Dilthey & Clay, by Robert M. Clay and Robert W. Sumner, for the defendant appellants.*

*White, Allen, Hooten, Hodges & Hines, by John R. Hooten, for defendant appellants.*

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for plaintiff appellee.*

HILL, Judge.

Did the judge err in allowing the plaintiff's motion for partial summary judgment? We hold that he did under the prevailing statute.

G.S. 28A-19-3(a) provides in clear and unambiguous terms that all claims arising before the death of the decedent with specific exceptions which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 within six months after the day of the first publication or posting of the general notice to creditors as provided for in G.S. 28A-14-1 *are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent.* (Emphasis added.)

The 1977 amendments to G.S. 28A-14-3 do not apply, for such amendments are limited to matters beginning 1 September 1977. See Sections 5 and 6, Chapter 446 of the North Carolina Session Laws. The decedent died 25 March 1977. Hence, there was no need for the executor to give notice of disallowance of claim to the claimant by registered or certified mail as provided in the 1977 amendment above.

It is a well settled rule that G.S. 28A-19-3(a) is a statute of limitations which must be complied with by creditors of an estate.

*Mallard v. Patterson*, 108 N.C. 255, 13 S.E. 93 (1890); *Love v. Ingram*, 104 N.C. 600, 10 S.E. 77 (1888).

The court has no discretion in considering whether a claim is barred by the statute of limitations. It is equally clear that the statute of limitations operates to vest a party with the right to rely on the statute of limitations as a defense, and a judge may not interfere with the vested rights of parties when pleadings are concerned. *Congleton v. City of Asheboro*, 8 N.C. App. 571, 174 S.E. 2d 870 (1970).

Plaintiff contends that J. W. Brewer made certain representations to him which led him to believe that his claim would be paid, and as a result thereof, it was not necessary for him to present his claim to Mr. Gooding, as executor of the estate; that the estate is estopped to deny the claim.

Insurance companies and their agents like Mr. Brewer do not act as agents for the insured when settling claims. An insurance company, if it admits that its insured is liable, without its insured's knowledge or consent, is acting in its own interest, and not as the agent of the insured. *Lampley v. Bell*, 250 N.C. 713, 110 S.E. 2d 316 (1959); *Foremost Dairies, Inc. v. Campbell Coal Company*, 57 Ga. App. 500, 196 S.E. 279 (1938).

The trial court should have granted summary judgment against the plaintiff since the record shows that this civil action is barred as a matter of law by the provisions of G.S. 28A-19-3(a).

This Court does not decide the merits of any claim by the plaintiff against J. W. Brewer and Great American Insurance Company.

For the reasons set out above, the decision of the trial court is

Reversed and remanded to the trial court with instructions that summary judgment be entered against the plaintiff in favor of the defendant estate.

Reversed and remanded.

Judge ERWIN concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

I would hold that plaintiff is entitled to attempt to prove his claim and recover an amount not in excess of that available under the policy of liability insurance issued by Great American Insurance Company.