TED F. CASH, Plaintiff v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

No. COA99-375

(Filed 4 April 2000)

**1. Unfair Trade Practices— insurance advertising—settlement of fraudulent claims**

The trial court did not err by granting defendant State Farm a 12(b)(6) dismissal on a claim for unfair and deceptive practices arising from State Farm's settlement of a claim which plaintiff insured contended was fraudulent and following advertising in which State Farm claimed it did not want to pay for fraudulent losses. The alleged statement does not indicate that State Farm will not pay fraudulent claims, only that it does not wish to do so.

**2. Insurance— settlement practices—fraudulent claim**

The trial court did not err by granting a 12(b)(6) dismissal for defendant State Farm on a claim under N.C.G.S. § 58-63-15(11)(a) or (b) arising from settlement of an allegedly fraudulent claim where plaintiff insured made no allegation that State Farm engages in the general business practice of misrepresenting pertinent facts or insurance policy provisions, that State Farm failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under plaintiff's policy, or that State Farm failed to adopt and implement reasonable standards for the prompt investigation of claims arising under plaintiff's policy.

CASH v. STATE FARM MUT. AUTO. INS. CO.

[137 N.C. App. 192 (2000)]

**3. Civil Procedure— prior Rule 41 dismissal—claim not brought in prior action—statute of limitations—not raised in current action**

The issue of the statute of limitations was beyond the purview of an appeal from a Rule 12(b)(6) dismissal where a claim for tortious breach of contract had not been brought in a prior action dismissed pursuant to Rule 41(c) but the current complaint nowhere indicated that the tortious breach of contract action was not brought in the prior action and the order appealed from did not indicate that the motion was converted into a Rule 56 motion.

**4. Insurance— settlement of alleged fraudulent claim—tortious breach of contract action by policyholder**

The trial court did not err by granting a 12(b)(6) dismissal on a tortious breach of contract claim in an action arising from the settlement of personal injury insurance claims which plaintiff-policyholder alleged were fraudulent. Plaintiff failed to allege facts indicating a sufficient level of aggravation or an intentional wrong by defendant. An insurance company acts in its own interest when settling claims with third party outsiders.

**5. Civil Procedure— 12(c) dismissal—12(b)(6) dismissal—different standards**

The trial court did not err by dismissing claims for breach for contract and constructive fraud under N.C.G.S. § 1A-1, Rule 12(c) following the denial of defendant's motions for dismissal under Rule 12(b)(6). Neither Rule employs the same standard.

**6. Insurance— settlement of alleged fraudulent claim—breach of contract—12(c) dismissal**

The trial court did not err by dismissing plaintiff's claim for breach of contract under N.C.G.S. § 1A-1, Rule 12(c) where plaintiff had alleged that defendant-insurer settled fraudulent claims against plaintiff arising from an automobile accident. An affidavit which was part of the pleadings presented evidence that defendant investigated the accident and acted in the interest of plaintiff in settling the claims, as they were settled for less than demanded and within policy limits, and plaintiff was released from further liability. The settlement by defendant insurer has not affected plaintiff's rights or precluded him from seeking redress against claimants for alleged fraudulent activity.

**7. Fraud— constructive—settlement of insurance claim— fiduciary duty of insurer**

The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(c) a claim for constructive fraud against an insurer arising from the settlement of personal injury claims against plaintiff by third parties. Plaintiff failed to present evidence of a fiduciary relationship between defendant insurer and plaintiff.

Appeal by plaintiff from an order entered 29 October 1998 and from judgment entered 19 January 1999 by Judges Loto Greenlee Caviness and Richard L. Doughton, respectively, in Cleveland County Superior Court. Heard in the Court of Appeals 6 January 2000.

*Corry, Cerwin & Luptak, by Todd R. Cerwin, for plaintiff-appellant.*

*Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson, for defendant-appellee.*

HUNTER, Judge.

Ted F. Cash ("plaintiff") appeals the granting by the trial court of motions by State Farm Mutual Automobile Insurance Company ("State Farm") to dismiss for failure to state a claim for which relief may be granted and for judgment on the pleadings, pursuant to Rule 12(b)(6) and Rule 12(c), respectively, of the North Carolina Rules of Civil Procedure. We affirm.

Plaintiff's pleadings indicate that he was driving his 1969 GMC truck on 26 December 1993 when he backed into a 1978 Chevrolet Camaro ("Camaro"). Plaintiff alleges that he was traveling at approximately one mile per hour and the Camaro was occupied by the driver Dameion Poston, and two other occupants, Darrell Jackson and Deron Thompson. Plaintiff, who is a medical doctor, determined that no one involved suffered any apparent injury at the time of the accident. Additionally, all occupants of the Camaro declined medical assistance at the scene.

Following the accident, claims were made for personal injuries by Poston, Jackson and Thompson, and in addition, a claim for personal injuries and property damage was made by a fourth individual, Arthur Poston, Jr., the owner of the Camaro. Plaintiff informed his car insurance carrier, State Farm, that there were more claims for per-

sonal injuries than there were occupants of the vehicles and that it appeared that these were fraudulent claims which should be denied. Despite plaintiff's contentions, State Farm paid the claims within the confines of the limits of the policy issued to plaintiff. Dameion Poston, Darrell Jackson and Deron Thompson were paid the sum of $250.00 for their personal injuries and Arthur Poston, Jr., was paid the sum of $350.00 for his personal injuries. Plaintiff alleges claimants were also paid certain medical and other expenses despite his objection, and that as a result of settlement of these fraudulent claims, plaintiff's insurance premiums with State Farm increased by fifty-three percent (53%).

The record reveals that plaintiff filed suit against State Farm in 1996, but it was dismissed pursuant to Notice of Voluntary Dismissal without prejudice pursuant to Rule 41(c) of the North Carolina Rules of Civil Procedure. He brought the present action against State Farm in August 1998 with claims for (1) breach of contract of insurance, (2) constructive fraud in the form of a breach of fiduciary duty, (3) unfair methods of competition or unfair and deceptive acts or practices, and (4) tortious breach of the insurance contract, specifically the implied duties of good faith and fair dealing. Plaintiff asked for relief in the form of compensatory and punitive damages. State Farm made a motion to dismiss and the trial court granted it under North Carolina Rule of Civil Procedure 12(b)(6) as to plaintiff's claims for unfair methods of competition or unfair and deceptive acts or practices, and tortious breach of the insurance contract. After filing its answer, State Farm made a motion for judgment on the pleadings. The trial court allowed State Farm's motion based on Rule 12(c) of the North Carolina Rules of Civil Procedure, dismissing all other claims of plaintiff with prejudice.

[1] Plaintiff first contends that the trial court erred in granting State Farm's Rule 12(b)(6) motion on its claims for unfair and deceptive acts or practices and tortious breach of the insurance contract. In the determination whether a complaint is sufficient to survive a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), the question presented is whether the "allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory . . . ." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). "A complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim." *Burgess v. Your*

*House of Raleigh,* 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). "In ruling upon a Rule 12(b)(6) motion, the trial judge must treat the allegations of the complaint as admitted." *Id.*

In plaintiff's claim for unfair and deceptive practices and acts, he asserts that State Farm violated N.C. Gen. Stat. § 58-63-15 by settling fraudulent claims after advertising

> at State Farm, we pay what we owe to settle a claim, but we don't want to pay for fraudulent losses. If we all do our part to help fight insurance fraud, the result will be more reasonable premiums for everyone.

N.C. Gen. Stat. § 58-63-15 provides that unfair methods of competition and unfair and deceptive acts or practices in the business of insurance include:

> (1) Misrepresentations and False Advertising of Policy Contracts.—Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby . . . .
>
> (2) False Information and Advertising Generally.—Making, publishing, disseminating, circulating, or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in a newspaper, magazine or other publication, or in the form of a notice, circular, pamphlet, letter or poster, or over any radio station, or in any other way, an advertisement, announcement or statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive or misleading.

N.C. Gen. Stat. § 58-63-15(1), (2) (1999). In the present case, State Farm's alleged statement does not indicate that it will not pay fraudulent claims, only that it *wishes* not to do so. Plaintiff does not allege in his pleadings that State Farm does, in fact, *wish* to pay fraudulent claims. Therefore, the complaint does not state facts sufficient to give rise to a cause of action under this section.

[2] Plaintiff also argues that State Farm also breached N.C. Gen. Stat. § 58-63-15(11)(a), (b), and (c), which provide that "[u]nfair [c]laim

[s]ettlement [p]ractices" occur when, as a general business practice, an insurer:

a. Misrepresent[s] pertinent facts or insurance policy provisions relating to coverages at issue;

b. Fail[s] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. Fail[s] to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies[.]

N.C. Gen. Stat. § 58-63-15(11)(a)-(c) (1999). N.C. Gen. Stat. § 58-63-15 specifically states that it does not "of itself create any cause of action in favor of any person other than the [Insurance] Commissioner." N.C. Gen. Stat. § 58-63-15(11). However, "a remedy ' "in the nature of a private action' " for the conduct described by and in [N.C. Gen. Stat.] § 58-63-15(11)" is created by N.C. Gen. Stat. § 75-1.1. *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 10, 472 S.E.2d 358, 363 (1996), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 172, *disc. review denied*, 345 N.C. 344, 483 S.E.2d 173 (1997) (quoting *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 302, 435 S.E.2d 537, 542 (1993)). "Violation of any form of conduct listed in § 58-63-15(11) operates as a *per se* instance of unfair and deceptive trade practice under N.C. Gen. Stat. § 75-1.1." *Id.* In order for plaintiff to prevail on a claim for unfair or deceptive trade practices, plaintiff must demonstrate the existence of three factors: " '(1) an unfair or deceptive act or practice, or unfair method of competition, (2) in or affecting commerce, and (3) which proximately caused actual injury to the plaintiff or his business.' " *Murray*, 123 N.C. App. at 9, 472 S.E.2d at 362 (quoting *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 301, 435 S.E.2d 537, 542). The plaintiff must also allege that State Farm engaged in the prohibited practices with such frequency as to indicate that the acts are its general practice. *Von Hagel v. Blue Cross and Blue Shield*, 91 N.C. App. 58, 60, 370 S.E.2d 695, 698 (1988).

In the present case, plaintiff has made no allegation that State Farm engages in the "general business practice" of "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue." N.C. Gen. Stat. § 58-63-15(11)(a). Thus, he fails to state facts sufficient to make a claim based on conduct in violation of

N.C. Gen. Stat. § 58-63-15(11)(a). Therefore, our review is limited to whether plaintiff has alleged a cause of action based on conduct in violation of N.C. Gen. Stat. § 58-63-15(11)(b), "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies," and (c), "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies." N.C. Gen. Stat. § 58-63-15(11)(b), (c).

The pleading in the present case alleges in pertinent part, on the issues of State Farm's promptness in acting on plaintiff's communication and promptness in investigation:

24. That, upon information and belief, after Plaintiff's automobile accident or collision on December 26, 1993, claims for personal injury were submitted to Defendant for alleged personal injuries sustained in the collision on December 26, 1993, hereinbefore described, by not only the driver of the described Camaro, Dameion Poston, and the other two occupants, Darrell Jackson and Deron Thompson, all three of whom were occupants of said Camaro at the time of the collision, but also a claim for personal injury from Arthur Poston, Jr., who was the owner of said Camaro but was not an occupant of said Camaro at the time of the collision alleged herein.

25. That Plaintiff demanded of Defendant that it deny and defend against said claims and Plaintiff insured [sic] that Defendant had full knowledge of Plaintiff's observations and opinions as well as those of the investigating officer.

26. That Defendant owed Plaintiff a contractual, a fiduciary and a statutory duty to act in good faith in it's [sic] investigation, evaluation and determination as to whether to settle or defend against the above-referenced claims for personal injury against Plaintiff, Defendant's insured.

27. That in the exercise of a good faith effort to fulfill the aforesaid duties owed to the Plaintiff, Defendant knew or should have known that aforesaid claims for personal injury were false and fraudulent and that settlement or payment of said claims was contrary to the public policy of the State of North Carolina in that such settlement or payment of false and fraudulent claims promoted, encouraged or acquiesced in criminal conduct on the part of the claimants; further said settlement or payment of the false

and fraudulent claims was contrary to Defendant's own advertising campaign and contrary to it's [sic] contractual and fiduciary and statutory duties owed Plaintiff.

28. That, upon information and belief, Defendant, nevertheless, thereafter settled with and paid claimants Dameion Poston, Darrell Jackson, and Deron Thompson . . . [and] Arthur Poston, Jr. . . . .

29. That not only did Defendant fail to act in good faith but in fact acted in bad faith by its failure to make adequate investigation and evaluation of the false and fraudulent claims and by its failure to honor its duty to defend against the false and fraudulent claims in that Defendant was motivated by considerations of its own pecuniary gain . . . .

While plaintiff alleges that State Farm's investigation was not adequate in that it should have revealed that the claims in question were false and fraudulent, nowhere does plaintiff allege that State Farm failed to "acknowledge and act *reasonably promptly* upon communications with respect to claims arising under" plaintiff's policy, or failed to "adopt and implement *reasonable standards for the prompt investigation* of claims arising under" plaintiff's policy. N.C. Gen. Stat. § 58-63-15(11)(b), (c) (emphasis added). Again, plaintiff has failed to state facts sufficient to make claims under N.C. Gen. Stat. § 58-63-15(11)(b) and (c). Accordingly, plaintiff's first assignment of error is overruled.

[3] Next, plaintiff asserts that it was error to dismiss his claims for tortious breach of the insurance contract and punitive damages for failure to state a claim for which relief may be granted. State Farm argues that plaintiff brought a prior suit similar to the one at bar, which was dismissed pursuant to Rule 41(c) of the North Carolina Rules of Civil Procedure, except that the tortious breach of contract claim was not included in the former suit; therefore, Rule 41(c) did not preserve this claim and because it was brought beyond the statute of limitations period, the trial court correctly dismissed it.

Our review of the amended record reveals that the prior suit did not contain a tortious breach of contract claim. However, the trial court stated that this issue was ruled on only after reviewing the complaint, its amendment, and applicable law. Plaintiff's complaint nowhere indicates that the tortious breach of contract action was not brought in the prior action. Matters outside the complaint are only

considered in a 12(b)(6) motion if the motion has been converted into a motion for summary judgment:

> If, on a [12(b)(6)] motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(b) (1990). The order appealed from does not indicate that this motion was converted into a Rule 56 motion, therefore our review is limited to the same standard as the trial court. Because the statute of limitations defense is outside our purview, we shall determine if plaintiff has stated a claim for which relief may be granted under Rule 12(b)(6).

**[4]** Tortious breach of contract has been recognized as a cause of action in North Carolina. *Olive v. Great American Ins. Co.*, 76 N.C. App. 180, 333 S.E.2d 41, *disc. review denied*, 314 N.C. 668, 336 S.E.2d 400 (1985).

> It is well-settled that punitive damages are generally not allowed for a breach of contract with the exception of breach of contract to marry. Punitive damages are not allowed even when the breach is wilful, malicious or oppressive. However, "when the breach of contract also constitutes or is accompanied by an identifiable tortious act, the tort committed may be grounds for recovery of punitive damages." Mere allegations of an identifiable tort are "insufficient alone to support a claim for punitive damages." Furthermore, in order to sustain a claim for punitive damages, there must be an identifiable tort which is accompanied by or partakes of some element of aggravation.

*Shore v. Farmer*, 133 N.C. App. 350, 361, 515 S.E.2d 495, 501-02 (1999) (Walker, J., concurring in part and dissenting in part) (citations omitted) (quoting *Taha v. Thompson*, 120 N.C. App. 697, 704-05, 463 S.E.2d 553, 558 (1995), *disc. review denied*, 344 N.C. 443, 476 S.E.2d 130, *disc. review denied*, 344 N.C. 443, 476 S.E.2d 131 (1996)). Therefore, assuming plaintiff has sufficiently pled a breach of contract action, he must also allege a tort which partakes some element of aggravation, along with the breach, in order to withstand State Farm's 12(b)(6) motion.

CASH v. STATE FARM MUT. AUTO. INS. CO.

[137 N.C. App. 192 (2000)]

"Aggravation includes 'fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, [and] willfulness.' " *Taha v. Thompson*, 120 N.C. App. 697, 705, 463 S.E.2d 553, 558 (quoting *Newton v. Insurance Co.*, 291 N.C. 105, 112, 229 S.E.2d 297, 301 (1976)). While plaintiff alleges claimants have committed fraud, he nowhere alleges that State Farm has, in fact, committed fraud. Plaintiff does allege that State Farm's action "promoted, encouraged or acquiesced in criminal conduct on the part of the claimants" and was made "in total and reckless disregard of [plaintiff's] . . . protestations." However, State Farm had the right to settle the subject claims without the approval of plaintiff. N.C. Gen. Stat. § 20-279.21(f)(3). Our Supreme Court has recognized that an insurance company, when settling claims with third party outsiders, is acting in its own interest. *Lampley v. Bell*, 250 N.C. 713, 110 S.E.2d 316 (1959). "It is a matter of common knowledge that fair and reasonable settlements can generally be made at much less than the financial burden imposed in litigating claims." *Alford v. Insurance Co.*, 248 N.C. 224, 229, 103 S.E.2d 8, 12 (1958). Therefore, we can deduce that settling a potentially fraudulent claim may cost an insurance company less than actually litigating it, and thus is in the insurer's best interest. Plaintiff has not indicated that State Farm acted illegally, as it was not under any obligation to gain his consent before settling the claims in question. Plaintiff has also failed to state facts indicating State Farm was in collusion with claimants.

Based on the foregoing, we hold that plaintiff has failed to state facts indicating that State Farm's settlement with claimants rose to the level of aggravation defined in *Taha v. Thompson*. Plaintiff has also failed to allege facts indicating an intentional wrong by State Farm. Punitive damages are only awarded as punishment for intentional wrongful conduct. *Transportation Co. v. Brotherhood*, 257 N.C. 18, 30, 125 S.E.2d 277, 286, *cert. denied*, 371 U.S. 862, 9 L. Ed. 2d 100, *reh'g denied*, 371 U.S. 899, 9 L. Ed. 2d 131 (1962). Accordingly, we hold that plaintiff has failed to state a claim for which relief may be granted and this assignment of error is overruled.

[5] Plaintiff next assigns error to the dismissal of his breach of contract and constructive fraud claims. Plaintiff argues that because the trial court considered these claims in State Farm's 12(b)(6) motion and did not thereupon dismiss them, they should have survived State Farm's 12(c) motion. As we have recognized, a complaint is subject to dismissal under Rule 12(b)(6) "if no law exists to support the claim

made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136. On the other hand, a motion for judgment on the pleadings pursuant to Rule 12(c) should only be granted when "the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). Neither rule employs the same standard. It is plainly evident under our Rules of Civil Procedure that because a plaintiff has survived a 12(b)(6) motion, and thus has alleged a claim for which relief may be granted, his survival in the action is not the equivalent of the court determining that conflicting issues of fact exist and no party is entitled to judgment as a matter of law under Rule 12(c). Accordingly, this assignment of error is overruled.

[6] Next, plaintiff contends the trial court incorrectly dismissed his claim for breach of contract under Rule 12(c) of the North Carolina Rules of Civil Procedure.

> Judgment on the pleadings, pursuant to Rule 12(c), is appropriate " 'when all the material allegations of fact are admitted in the pleadings and only questions of law remain.' " [*Town of Bladenboro v. McKeithan*, 44 N.C. App. 459, 460, 261 S.E.2d 260, 261] (quoting *Ragsdale [v. Kennedy]*, 286 N.C. [130,] 136-37, 209 S.E.2d [494,] 499 [(1974)).] The trial court must " 'view the facts and permissible inferences in the light most favorable to the non-moving party[],' " taking all well-pleaded factual allegations in the non-moving party's pleadings as true. *Id*. at 461, 261 S.E.2d at 262 (quoting *Ragsdale*, 286 N.C. at 136-37, 209 S.E.2d at 499.
>
> When ruling on a motion for judgment on the pleadings, the trial court "is to consider only the pleadings and any attached exhibits, which become part of the pleadings." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984).

*Terrell v. Lawyers Mut. Liab. Ins. Co.*, 131 N.C. App. 655, 659-660, 507 S.E.2d 923, 926 (1998). In a Rule 12(c) motion, "[n]o evidence is to be heard, and the trial judge is not to consider statements of fact in the [appellate] briefs of the parties or the testimony of allegations by the parties in different proceedings." *Minor v. Minor*, 70 N.C. App. at 78, 318 S.E.2d at 867. Therefore, matters outside of the pleadings and

their attached exhibits were not considered by the trial court and are not subject to our examination in a determination of the issue at hand.

Plaintiff alleges that the breach of contract occurred when the settlement of claims was made by State Farm absent good faith. State Farm argues that settlement of the claims, if the claims were fraudulent, may have been a bad judgment, but such conduct did not rise to the level of bad faith.

The insurance policy in the present case provides that State Farm may "settle or defend" any claim or suit as it considers "appropriate." This provision is supported by our statutory code, which provides that an auto insurer, has the right to settle without an insured's consent under N.C. Gen. Stat. § 20-279.2(f)(3). N.C. Gen. Stat. § 20-279.21 provides, in pertinent part: "The insurance carrier shall have the right to settle any claim covered by the policy, and if such settlement is made in good faith, the amount thereof shall be deductible from the limits of liability . . . ." N.C. Gen. Stat. § 20-279.21(f)(3). In North Carolina, "[r]egardless of any contractual provision reserving to the insurer the exclusive right to settle a claim as it sees fit, any settlement must be made in good faith." *Nationwide Mutual Ins. Co. v. Public Service Co. of N.C.*, 112 N.C. App. 345, 350, 435 S.E.2d 561, 564 (1993); *see* N.C. Gen. Stat. § 20-279.21. Good faith is defined as "absence of malice . . . . Honesty of intention, and freedom from knowledge of circumstances which ought to put [one] upon inquiry." Black's Law Dictionary 693 (6th ed. 1990).

We have found no case in this state which considers the issue of whether an insurance company can be held liable for settling a claim where the insured notified his insurer that the claim was fraudulent. In a similar case from Ohio, *Marginian v. Allstate Insurance Co.*, 18 Ohio St. 3d 345, 481 N.E.2d 600 (1985), an insured had instructed his insurer not to pay two claims asserted against his policy due to an automobile accident because the insured was not at fault, and payment of the claims would be fictitious and fraudulent. The Ohio Supreme Court held that "where a contract of insurance provides that the insurer may, as it deems appropriate, settle any claim or action brought against its insured, a cause of action alleging a breach of the insurer's duty of good faith will not lie where the insurer has settled such claim within the monetary limits of the insured's policy." *Id.* at 348, 481 N.E.2d at 603. It is undisputed that State Farm settled within the monetary limits of plaintiff's policy in the present case.

Many jurisdictions mandate that a liability insurer must consider the insured's interests in accepting or rejecting a compromise offer, 7A Am. Jur. 2d *Automobile Insurance* § 374 (1990). Similarly, our Supreme Court has stated:

> The law imposes on the insurer the duty of carrying out in good faith its contract of insurance. The policy provision giving the insurer the right to effectuate settlement was put in for the *protection of the insured as well as the insurer.* It is a matter of common knowledge that fair and reasonable settlements can generally be made at much less than the financial burden imposed in litigating claims. It is for this reason that courts have consistently held that an insurer owes a duty to its insured to act diligently and in good faith in effecting settlements within policy limits, and if necessary to accomplish that purpose, to pay the full amount of the policy. Liability has been repeatedly imposed upon insurance companies because of their failure to act diligently and in good faith in effectuating settlements with claimants.

*Alford,* 248 N.C. at 229, 103 S.E.2d at 12 (emphasis added). "An insurance company is expected to deal fairly and in good faith with its policyholders." *Robinson v. N.C. Farm Bureau Ins. Co.,* 86 N.C. App. 44, 50, 356 S.E.2d 392, 395 (1987), *disc. review improv. allowed,* 321 N.C. 592, 364 S.E.2d 140 (1988). However, as we have previously noted, "[i]nsurance companies and their agents . . . do not act as agents for the insured when settling claims. An insurance company, if it admits that its insured is liable, without its insured's knowledge or consent, is acting in its own interest, and not as the agent of the insured." *Anderson v. Gooding,* 43 N.C. App. 611, 614, 259 S.E.2d 398, 400, *appeal dismissed,* 299 N.C. 119, 261 S.E.2d 921 (1979), *rev'd on other grounds,* 300 N.C. 170, 265 S.E.2d 201 (1980).

Based on the foregoing, it is evident that State Farm owed the duty of good faith in carrying out its contract of insurance. The affidavit with attached exhibits of State Farm's claims superintendent were part of State Farm's pleadings and indicate in pertinent part that: (1) an investigation was conducted by State Farm, and revealed that the investigating officer did not remember how many occupants were in the Camaro and this was not indicated on the accident report; (2) plaintiff was most likely responsible for the accident, as plaintiff admitted driving in reverse down a city street after dark when he failed to see claimants' vehicle and collided with it; (3) it is not uncommon for medical treatment to be rendered following an accident, although there is no report of injury at the scene; (4) all claims

were settled for substantially less than claimant's medical expenses; (5) as a result of settlement, plaintiff was released from any further liability; and (6) plaintiff's premiums were increased pursuant to the North Carolina Rate Bureau requirements, and plaintiff's points assessment would be the same whether or not the personal injury claim of Arthur Poston, Jr., the individual plaintiff alleged was not in the Camaro at the time of the accident, was settled. The affidavit presents evidence that State Farm investigated the accident and acted in the interest of plaintiff in settling the claims, as they were settled for less than demanded and plaintiff was released from any further liability. As previously noted, the claims were settled within policy limits. Plaintiff has not contested any of these facts. Similar to the *Marginian* court, we hold that a cause of action alleging breach of good faith will not lie when the insurer settles a claim within the monetary limits of the insured's policy; however, in doing so, we believe the insurer has the duty to consider the insured's interest. *See Alford*, 248 N.C. 224, 103 S.E.2d 8. In so holding, we recognize that an insurer may act in its own interest in settlement of the claim, *see Anderson*, 43 N.C. App. 611, 259 S.E.2d 398, and has statutory authority to settle claims without the consent of the insured. N.C. Gen. Stat. § 20-279.21(f)(3). Our review indicates that no issues of material fact remain, and based on our holding, State Farm was entitled to judgment as a matter of law under Rule 12(b)(c) on plaintiff's breach of contract claim. We note that the settlement of any fraudulent claim by State Farm with claimants appears not to have affected plaintiff's rights or precluded him from seeking redress against claimants for alleged fraudulent activity:

> The standard automobile liability insurance policy provides that the insurer may, in its discretion, settle any claim against the insured for which it would be liable under the terms of the policy. When exercised in good faith these provisions are valid and binding on the insured. However, it is now settled law in this State that the exercise of this privilege by the insurer will not bar the right of the insured, or anyone covered by his policy, to sue the releasor for his damages where he has neither ratified nor consented to such settlement.

*Bradford v. Kelly*, 260 N.C. 382, 383-84, 132 S.E.2d 886, 887-88 (1963) (citations omitted). "[A] liability carrier cannot impair the rights of the insured by settling his claim without his authority." *Phillips v. Alston*, 257 N.C. 255, 259, 125 S.E.2d 580, 583 (1962). Accordingly, this assignment of error is overruled.

**[7]** Lastly, plaintiff assigns error to the trial court's dismissal of its claim for constructive fraud pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. The North Carolina Supreme Court has summarized the law pertaining to constructive fraud as follows:

> Constructive fraud arises where a confidential or fiduciary relationship exists, and its proof is less "exacting" than that required for actual fraud. *Terry v. Terry*, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981). When a fiduciary relationship exists between parties to a transaction, equity raises a presumption of fraud when the superior party obtains a possible benefit. "This presumption arises not so much because [the fiduciary] has committed a fraud, but [because] he may have done so." *Atkins v. Withers*, 94 N.C. 581, 590 (1886). The superior party may rebut the presumption by showing, for example, "that the confidence reposed in him was not abused, but that the other party acted on independent advice." 37 Am. Jur. 2d *Fraud and Deceit* § 442, at 603. Once rebutted, the presumption evaporates, and the accusing party must shoulder the burden of producing actual evidence of fraud.
>
> In stating a cause of action for constructive fraud, the plaintiff must allege facts and circumstances "(1) which created the relation of trust and confidence, and (2) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Rhodes v. Jones*, 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950).

*Watts v. Cumberland County Hosp. System*, 317 N.C. 110, 115-16, 343 S.E.2d 879, 884 (1986) (citations omitted). Plaintiff in the present case has failed to present evidence of a fiduciary relationship between State Farm and plaintiff. While we have recognized that an insurance agent has a fiduciary duty to keep the insured correctly informed as to his insurance coverage, *R-Anell Homes, Inc. v. Alexander & Alexander, Inc.*, 62 N.C. App. 653, 303 S.E.2d 573 (1983), we have not held that an insurance company or an adjuster has a fiduciary duty to an insured with respect to settlement of claims. Accordingly, this assignment of error is overruled, and the order of the trial court is affirmed.

Affirmed.

Judges JOHN and McGEE concur.